FILED

**NOT FOR PUBLICATION**

FEB 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL SOEYANTO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 13-71537<br><br>Agency No. A089-723-543<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2015[**]

Before:     O'SCANNLAIN, LEAVY and FERNANDEZ, Circuit Judges.

Michael Soeyanto, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's determination that the incidents Soeyanto experienced in Indonesia, even considered cumulatively, did not rise to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009); *Wakkary*, 558 F.3d at 1059-60 (record did not compel finding of past persecution where petitioner was robbed and beaten as a youth, and accosted by a mob). Substantial evidence also supports the agency's determination that, even under a disfavored group analysis, Soeyanto failed to demonstrate sufficient individualized risk of harm to establish a well-founded fear of future persecution in Indonesia. *See Halim*, 590 F.3d at 979. Thus, Soeyanto's asylum claim fails.

Because Soeyanto failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of Soeyanto's CAT claim because he failed to demonstrate it is more likely than not he would be tortured if returned to Indonesia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th

Cir. 2008). We reject Soeyanto's contention that the agency failed to consider evidence in addressing his CAT claim.

**PETITION FOR REVIEW DENIED.**